UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROSE ELVIRA VALLEZ,**

   *Plaintiff*,

v.   Case No.  SA-22-CV-01377-JKP

**ANNA ROSE HARDING, CODILIS & MOODY, P.C., EMMITT JAMES HOUSE, BILL R. MCLAUGHLIN,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule 12(b)(6). *ECF No. 4*. Plaintiff Rose Elvira Vallez, proceeding pro se, did not respond. Upon consideration, Defendants' Motion to Dismiss is **GRANTED.**

### BACKGROUND

As represented in the Original Complaint, on June 23, 1999, Plaintiff Rose Elvira Vallez acquired residential property and executed a Promissory note in the amount of $43,405.00 secured by a Deed of Trust encumbering the property. When Vallez failed to make payments under the Note as prescribed in the Loan Agreement, the holder of the Note referred the matter to the attorney Defendant law firm Codilis & Moody. The remaining attorney Defendants handled the case (collectively referred to as Attorney Defendants), which resulted in a non-judicial foreclosure. Attached to the Complaint is a demand letter Attorney Defendants sent Vallez which informed her the Attorney Defendants represented the mortgagee of the Note and Deed of Trust

associated with the Note. The letter informed Vallez the Note was in default, and if not cured, the Property was subject to nonjudicial foreclosure.

Vallez filed this action against Attorney Defendants asserting causes of action for breach of contract, wrongful foreclosure, violation of the Truth in Lending Act by misrepresenting themselves as attorneys, violation of the Fair Debt Collection Practices Act, violation of federal trust and lien laws, slander of title, slander of credit, fraud, and intentional infliction of emotional distress. On February 3, 2023, Attorney Defendants filed this Motion to Dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6). Vallez did not respond, although given additional and ample time to do so.

## LEGAL STANDARD

### Failure to Respond

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

### Motion to Dismiss

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of ac-

tion which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467

(5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

Attorneys are generally immune from suits brought under Texas law if the action arises out of the duties involved in representing a client. *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274 (5th Cir. June 6, 2014)(citing *Chapman Children's Trust v. Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 440–41 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Further, when acting as foreclosure counsel, an attorney's conduct undertaken as part of discharging duties in representing the client is not actionable. *Green v. Buckley Madole, P.C.*, No. 3:14-CV-3742, 2015 WL 1505697, at *3 (N.D. Tex. Mar. 30, 2015) (citing *Rojas,* 571 Fed. App'x. at 278 and *Chapman Children's Trust,* 32 S.W.3d at 441.

Under the facts as alleged, Attorney Defendants hold immunity from this suit because the actions supporting all asserted causes of action arise from the attorneys' and the law firm's acts as foreclosure counsel for an underlying mortgage holder. *See Rojas,* 571 Fed. App'x. at 278; *Chapman Children's Trust,* 32 S.W.3d at 441. With regard to the alleged fraud and misrepresentation causes of action, Vallez failed to allege beyond mere legal conclusions any fraudulent or wrongful action taken by attorney Defendants' acts as foreclosure counsel. For this reason, there is no reasonable basis for recovery.

Additional opportunity to amend will not cure this deficiency. The alleged fraudulent act and misrepresentation supporting these causes of action are that attorney Annarose Harding misrepresented herself as a licensed attorney and Attorney Defendants do not have a license to act as debt collectors. Attorney Defendants provide ample proof that Annarose Harding was a licensed attorney, and the Court takes judicial notice of the State Bar of Texas website which provides the licensing information for Annarose Harding. *See Brand Coupon Network, L.L.C.*, 748 F.3d at 635. In addition, as a matter of law, a law firm and attorneys engaged in nonjudicial foreclosures are not debt collectors under the Fair Debt Collection Practices Act. *Obduskey v. McCarthy & Holtus LLP*, 139 S.Ct. 1029, 1038 (2019).

## CONCLUSION

Construing the facts as alleged in the light most favorable to Vallez and in consideration of applicable law, Defendants' Motion to Dismiss is **GRANTED.**

It is so ORDERED.
SIGNED this 20th day of March, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE